IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID MAHON                                                                                      PLAINTIFF

v.                                              CIVIL NO. 24-2007

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff, David Mahon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on March 29, 2021, alleging an inability to work since April 15, 2019, due to depression, anxiety, wrist pain, shoulder problems and knee problems. (Tr. 54, 148). An administrative telephonic hearing was held on June 14, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 30-52).

By written decision dated February 24, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: a depressive disorder, an anxiety disorder, right shoulder AC joint separation, obesity, and sleep apnea. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet

1

or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can do no climbing of ladders, or scaffolds, and can occasionally climb stairs and ramps, balance, crawl, kneel, stoop, and crouch. He can occasionally overhead reach, finger, and handle with the dominant right upper extremity. He must avoid hazards like moving machinery and unprotected heights. He must avoid concentrated exposure to vibrations. The claimant can understand, remember, and carry out simple instructions. He can respond to supervision that is simple, direct, and concrete. He can occasionally interact with supervisors, co-workers, and the public.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an office helper, a laundry sorter and an office cleaner. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on November 13, 2023. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 3). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words,

if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ failed to comprehensively analyze Plaintiff's subjective complaints; 2) The ALJ failed to give proper deference to Plaintiff's medical records; 3) The ALJ failed to establish a proper RFC; and 4) The ALJ failed to prove there were sufficient jobs that Plaintiff can perform. (ECF No. 11). Defendant argues the ALJ properly considered all the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 13).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. The ALJ considered the medical assessments of the examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as an office helper, a laundry sorter, and

3

an office cleaner. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 27th day of June 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE